### DE NICOLO v. PALMER et al.
### No. 151.

Circuit Court of Appeals, Second Circuit.
Jan. 22, 1942.

Sydney A. Syme, of White Plains, N. Y., for appellant.

Edmund J. Moore and Edward R. Brumley, both of New York City, for appellees.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The district judge found that "the condition of the stairway at the time of the accident has not been shown to be such as to constitute a failure on the part of the defendants to exercise ordinary care in view of the dangers to be apprehended from its use." This is not indeed a finding that no pebbles were left on the stairway; although in form a finding of fact, it is obviously a proposition into which there entered a standard of care and every such standard presupposes a legal conclusion. If we were to proceed with unflinching strictness, we should therefore require the judge to find whether there were pebbles on the stairway, and if so, how long they had been there. But it seems to us that that would be an idle formality, because it was not really disputed that if the defendants had allowed pebbles to lie upon the stairway for the length of time stated by the

plaintiff's witnesses, they would have failed in "ordinary care" to a person in the plaintiff's position. Therefore we may, and do, read the finding as meaning that the judge was not satisfied that the pebbles were there at all at the time of the accident. The plaintiff had the burden of proof on the issue of negligence and a finding that he had not "shown" the condition of the stairway was sufficient in form. Nashville Interurban Ry. v. Barnum, 2 Cir., 212 F. 634, 639, 640; Commercial Molasses Corp. v. New York Tank B. Corp., 2 Cir., 114 F.2d 248, 250.

■■ Therefore the only question open is whether it was "clearly, erroneous" not to accept the plaintiff's evidence about the condition of the stairway. In spite of the judge's commendation of him, the plaintiff's testimony was inevitably biassed by his interest and open to doubt. Laying aside as also unreliable for the same reason the testimony of O'Connor, the employee of the railroad, there appears to be no inherent reason why the other witnesses for the plaintiff must have been more persuasive than those of the defendants. The case is one where for practical purposes the finding is as conclusive as a verdict; and we need not therefore consider who had the burden of proof on the issue of contributory negligence.

Judgment affirmed.